UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARL JOHNSON, Plaintiff | CIVIL ACTION NO. 1:18-CV-1662-P |
| VERSUS | CHIEF JUDGE DRELL |
| RAYMOND LABORDE CORRECTIONAL CENTER, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Carl Johnson ("Johnson") (#223075). Johnson is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Johnson complains that he was denied a medical emergency. (Doc. 1, p. 3). He names as Defendants RLCC, Captain Bordelon, Lt. Lemoine, Sgt. Lemoine, and Sgt. Holden.

Because Johnson does not state a constitutional claim for the delay in medical care, his Complaint (Doc. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Johnson alleges that, on an unspecified date in May 2018, he asked Defendants to make a medical emergency because he was not feeling well, and he thought his blood sugar was low. (Doc. 1-2, p. 2). When Cpt. Bordelon came onto the tier, Johnson asked Cpt. Bordelon about the medical emergency and complained of swollen

testicles. (Doc. 1-2, p. 2). Cpt. Bordelon informed Johnson that Lt. Duplechain would be returning to the dorm. (Doc. 1, p. 3; Doc. 1-2. p. 2). Johnson complains that Lt. Duplechain did not return to the dorm until the following day, at which time Johnson signed and submitted a sick call request. (Doc. 1-2, p. 2).

II. Law and Analysis

    A. Johnson's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Johnson is an inmate who has been allowed to proceed in forma pauperis. (Doc. 10). As a prisoner seeking redress from an officer or employee of a governmental entity, Johnson's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, Johnson's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for sua sponte dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

B.    <u>Johnson fails to state a constitutional claim for a delay in medical care.</u>

Johnson complains that he was not able to submit a medical emergency request and had to submit a regular sick call the following day. A delay in receiving medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm. See <u>Easter v. Powell</u>, 467 F.3d 459, 463 (5th Cir. 2006). A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to inmate health or safety. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994); <u>Reeves v. Collins</u>, 27 F.3d 174, 176 77 (5th Cir. 1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. <u>Id.</u>

Johnson's allegations do not indicate that Defendants acted with deliberate indifference. Cpt. Bordelon told Johnson that Lt. Duplechain would be going back to the dorm, but Lt. Duplechain did not return until the following day, at which time Johnson was able to sign a sick call form. (Doc. 1, p. 3). There is no allegation or indication that Cpt. Bordelon or Lt. Duplechain intentionally disregarded a serious risk of harm. Moreover, when Lt. Duplechain did return the following day, Johnson did not request emergency treatment, which indicates Johnson did not face a substantial risk of serious harm.

Although Johnson states that he had to undergo surgery later that year, there are not facts indicating that surgery was necessitated by the one-day delay in submitting a request for medical treatment. See <u>Mendoza v. Lynaugh</u>, 989 F.2d 191, 195 (5th Cir. 2015) (delay in medical care violates the Eighth Amendment only if it is

3

due to deliberate indifference and results in substantial harm); Davis v. Michot, No. 13–30132, 2013 WL 3964234 (5th Cir. August 2, 2013) (affirming dismissal for failure to state a claim because the initial misdiagnosis and failure to schedule a doctor's appointment for more than 10 days did not amount to deliberate indifference to prisoner's serious medical needs).

### III. Conclusion

Because Johnson cannot show that the alleged delay in medical care was caused by deliberate indifference that resulted in substantial harm, IT IS RECOMMENDED that Johnson's complaint be DENIED and DISMISSED WITH PREJUDICE under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P.

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __18th__ day of March, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge